RECEIVED

MAR   1 2013

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:12-cr-85 |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| DAVID VINCENT GIERLUS, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government") and the defendant, DAVID VINCENT GIERLUS, and Defendant's attorney, Jeffrey Bryan Lang, enter into this Plea Agreement.

## A. CHARGES

1. *Subject Offense.* Defendant will plead guilty to Count 82 of the Superseding Indictment, that is, unlawful distribution of a Schedule III Controlled Substance (Hydrocodone), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(E)(i).

2. *Dismissal of Remaining charges.* If the Court accepts this Plea Agreement, the remaining counts of the Superseding Indictment will be dismissed at the time of sentencing.

3. *No Further Prosecution.* The Government agrees that Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation. This paragraph and this Plea

1

Agreement do not apply to (1) any criminal act occurring after the date of this agreement, or (2) any crime of violence. This paragraph does not apply to any act occurring after August 31, 2012.

## B. MAXIMUM PENALTIES

4. *Maximum and Mandatory Minimum Punishment.* Defendant understands that the crime to which he is pleading guilty carries a maximum sentence of ten (10) years in prison; a maximum fine of $ 4,000,000; and a term of supervised release of at least two (2) years in addition to such term of imprisonment. A mandatory special assessment of $100 also must be imposed by the sentencing court.

5. *Supervised Release--Explained.* Defendant understands that, during any period of supervised release or probation, defendant will be under supervision and will be required to comply with certain conditions. Defendant understands that should he violate a condition of supervised release, he could be sentenced up to two years in prison, without any credit for time previously served.

6. *Detention or release.* Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), the defendant understands that he may be ordered into the custody of the United States Marshals Service following the completion of the entry of his guilty plea to await the imposition of sentence. The defendant further understands that he may qualify for release pending the imposition of sentence and that it is his burden to demonstrate that release is appropriate. The presiding judge will make that determination at the time of the

2

plea hearing.  The United States Attorney has no information that the defendant has violated any term of pre-trial release.

## C. NATURE OF THE OFFENSE – FACTUAL BASIS

7. *Elements understood.* Defendant understands that to prove the offense alleged in Count 82, unlawful distribution of a controlled substance, the Government would be required to prove beyond a reasonable doubt the following elements:

> (a) on or about February 9, 2012, the defendant, a physician, intentionally transferred a controlled substance to another person by issuing a prescription to that person;
>
> (b) at the time of the transfer, the defendant knew that it was a controlled substance that was transferred; and
>
> (c) the transfer was not for a legitimate medical purpose and was outside the course of professional medical practice.

8. *Elements Admitted.* As a factual basis for his plea of guilty, defendant admits the following:

> a. For more than twenty years until the Fall or late Summer of 2012, the defendant was a licensed medical practitioner and served as a physician in Muscatine, Iowa.  He was part of a family practice clinic operated by Unity Medical Center which was later acquired by Trinity Hospital Center. At all relevant times, including the years 2008, and earlier, and continuously until August 31, 2012, the defendant was licensed in the State of Iowa to practice medicine by the Iowa Board of Medicine.
>
> b. As part of his medical practice the defendant saw and treated many patients for various ailments including complaints of pain. The defendant was authorized by law to prescribe pain medications, including controlled substances, for ailments and pain complaints so long as the prescriptions were issued in good faith, that is, with good intentions and due to the defendant's

honest exercise of professional judgment as to the patient's needs.

c.  During the course of his medical practice, by June of 2009 or earlier, the defendant began to treat a person hereinafter referred to as Patient A, an adult female.  By February 9, 2012, the defendant had become involved personally with Patient A and on or before that date had inappropriately engaged in sexual contact with Patient A.

d.  During the time that the defendant was seeing Patient A, he prescribed controlled substances for her, including Hydrocodone, a Schedule III controlled substance. This narcotic has a high potential for addiction and the defendant knew this. Records from the Prescription Monitoring Program of the Iowa Board of Pharmacy for the period of June 2, 2009 to May 14, 2012, show that the defendant issued controlled substance prescriptions to Patient A including prescriptions for generic Adderall, Hydrocodone, Alprazolam, Temazepam, and Zolpidem Tartrate (Ambien).

e.  On February 9, 2012, the defendant had an office visit with Patient A who complained of back pain reporting the pain to be 6 on a scale of 0 to 10.  In previous appointments in January of 2012 and December of 2011, Patient A described her pain as higher than a 6.  On February 9, 2012, without a thorough physical examination and without further efforts to determine the cause of any pain described by Patient A, at the request of Patient A, the defendant prescribed a stronger dose of Hydrocodone than he had prescribed in previous months.

f.  The defendant admits that this prescription for 120 Hydrocodone at 7.5 milligram strength was for other than a legitimate medical purpose and was outside the course of professional medical practice.

9. *Truthfulness of Factual Basis*. Defendant acknowledges that the above statements are true. Defendant also understands that, during the change of plea hearing, the judge and the prosecutor may ask him questions under oath about the offense to which he is pleading guilty, in the presence of defendant's attorney.

4

Defendant understands that he must answer these questions truthfully, and that defendant can be prosecuted for perjury if that defendant gives any false answers.

10. *Venue.* Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

## D. SENTENCING

11. *Sentencing Guidelines.* Defendant understands that his sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

> (a) *Relevant conduct under §1B1.3.* The defendant is aware that the superseding indictment alleges that on 95 occasions he prescribed controlled substances to seven of his patients without legitimate medical purpose and outside the scope of usual professional medical practice. Defendant understands and agrees that under U.S.S.G. §1B1.3(a)(2), all acts or omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction may be considered as factors that determine the advisory Guidelines range and that this includes but is not limited to the charges in the superseding indictment.

> (b) *The most applicable guideline provisions.* The defendant understands that the sentencing court will determine the most applicable sentencing guideline for the offense of conviction and will sentence him based upon the nature and circumstances of his offense and the defendant's background and characteristics.

> (c) *The quantity of drugs involved.* The defendant understands that the probation office will prepare a Presentence Report that will include information about the amount of drugs involved in the offense of conviction and all other relevant conduct; the exact amount of drugs to be attributed to the defendant (above the amount admitted in this plea agreement) and all other relevant conduct will be determined by the

court at the time of sentencing.

(d) *Whether there are vulnerable victims*. The defendant understands that the sentencing court will decide whether any of the defendant's patients are "vulnerable victims" within the meaning of U.S.S.G. § 3A1.1(b).

(e) *Role in the offense*. The defendant understands that the sentencing court will determine whether the defendant abused a position of public or private trust with his patients within the meaning of USSG § 3B1.3. The defendant understands that this determination will be made by the court at the time of sentencing.

(f) *Criminal history* (prior convictions).  The defendant understands that his Criminal History Category will be determined based upon the existence of any prior criminal convictions.

(g) *Acceptance or lack of acceptance of responsibility*. The defendant understands that the sentencing court must consider whether the defendant has clearly demonstrated acceptance of responsibility for his offense and will consider whether he has truthfully admitted the conduct comprising the offense of conviction, and truthfully admitted or not falsely denied any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct). The defendant understands that he may be denied any consideration or reduction under this provision if he falsely denies, or frivolously contests, relevant conduct that the court determines to be true.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Guidelines and impose a sentence more severe or less severe than provided by the Guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with his attorney.

12. *Presentence Report*. Defendant understands that the Court may defer a decision as to whether to accept this plea agreement until after a Presentence Report has been prepared by the United States Probation Office, and after defendant's attorney and the Government have had an opportunity to review and

challenge the Presentence Report.  The parties are also free to provide all relevant information to the U.S. Probation Office for use in preparing a presentence report. Defendant understands that the United States Attorney's Office will provide information about the defendant and all relevant conduct to the U.S. Probation Office.

13.  *Evidence at Sentencing.* Defendant, Defendant's attorney, and the Government attorney will be permitted to make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement.

14.  *Sentence to be Decided by Judge -- No Promises.* This Plea Agreement is entered pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures or variances, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

15. *No Right to Withdraw Plea.* Defendant understands that he will have no right to withdraw his plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what he anticipated, or if the sentencing judge

declines to follow the parties' recommendations.

## E. LIMITED SCOPE OF AGREEMENT

16. *Limited Scope of Agreement.* This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

17. *Agreement Limited to Southern District of Iowa.* This plea agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## F. WAIVER OF TRIAL RIGHTS - WAIVER OF APPEAL & § 2255

18. *Trial Rights Explained.* Defendant understands that by entering a plea of guilty he waives the right to:

    (a)    continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    (b)    a speedy and public trial by jury, which must unanimously find the defendant guilty before there can be a conviction;

    (c)    the assistance of an attorney at all stages of trial and related proceedings, to be paid at government expense if defendant cannot afford to hire an attorney;

    (d)    confront and cross-examine adverse witnesses;

(e)    present evidence and to have witnesses testify on behalf of defendant, including having the court issue subpoenas to compel witnesses to testify on the defendant's behalf;

(f)    not testify or have any adverse inferences drawn from the failure to testify (although defendant also has the right to testify, if defendant so chooses); and

(g)    if defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at government expense if defendant cannot afford to hire an attorney.

19. *Waiver of Appeal and Post-Conviction Review.* The defendant knowingly and expressly waives any and all rights to appeal his conviction in this case, including a waiver of all motions, defenses and objections which he could assert to the charge(s) or to the court's entry of judgment against him; except that both the defendant and the United States preserve the right to appeal directly any sentence imposed by the district court, to the extent that an appeal is authorized by law. Also, the defendant knowingly and expressly waives any and all rights to contest his conviction in any post-conviction collateral proceedings, including any proceedings under Title 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel and/or prosecutorial misconduct not known to the defendant, or reasonably knowable, at the time of entering this plea agreement.

## G. VOLUNTARINESS OF PLEA & OPPORTUNITY TO CONSULT WITH COUNSEL

20. *Voluntariness of Plea.* Defendant represents that his decision to plead

9

guilty is his own, voluntary decision, and that the following is true:

    (a)    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with his attorney, and Defendant has a clear understanding of the charges and the consequences of this guilty plea, including the maximum penalties provided by law.

    (b)    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

    (c)    No one has threatened Defendant or his family to induce this guilty plea.

    (d)    Defendant is pleading guilty because in truth and in fact he is guilty and for no other reason.

21. *Consultation with Attorney*. Defendant has discussed this case and this plea with his attorney and states that the following is true:

    (a)    Defendant states that he is satisfied with the representation provided by his attorney.

    (b)    Defendant has no complaint about the time or attention his attorney has devoted to this case nor the advice the attorney has given.

    (c)    Although defendant's attorney has given the defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of his attorney, and with a full understanding of his rights, the facts and circumstances of the case, and the consequences of the plea.

## H. ENTIRE AGREEMENT – EFFECTIVE DATE – PUBLIC INTEREST

22. *Entire Agreement*. This plea agreement, and any attachments, is the

entire agreement between the parties. Any modifications to this Plea Agreement must be *in writing* and signed by all parties.

23. *Public Interest.* The parties state this plea agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

24. *Execution/Effective Date.* This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

## I. SIGNATURES

25. *Defendant.* I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree with it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this plea agreement, and about the rights that I am giving up, before entering a guilty plea.

11

2/26/13

Date

David Vincent Gierlus

26. *Defendant's Attorney*. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the Agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of his own free will, with full knowledge of his legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur in my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

2/24/13

Date

Jeffrey Bryan Lang
Attorney for Defendant
Lane & Waterman, LLP
220 North Main Street, Suite 600
Davenport, Iowa 52801-1987
Tel: (563) 324-3246
Fax: (563) 324-1616
Email: jlang@l-wlaw.com

27. *United States*. The Government agrees to the terms of this Plea Agreement.

12

Nicholas A. Klinefeldt
United States Attorney

3/1/2013
Date

By:

Clifford R. Cronk III
Assistant United States Attorney
131 East Fourth Street, Suite 310
Davenport, Iowa  52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: cliff.cronk@usdoj.gov